UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODERICK SMITH,                                    Case No. 25-10975

    Plaintiff,                                         F. Kay Behm
v.                                                 United States District Judge

EQURRA, LLC,

    Defendant.
_____/

**OPINION AND ORDER ON DEFENDANT'S
MOTION TO DISMISS (ECF No. 12)**

**I.   PROCEDURAL HISTORY**

Plaintiff, Roderick Smith, brings a proposed class action complaint under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. against Defendant, Equrra, LLC.  (ECF No. 9).  Plaintiff claims that to promote its goods and services, Defendant engages in unsolicited text messaging and continues to send text messages to consumers after they have opted out of Defendant's solicitations.  *Id*.  Plaintiff's complaint also alleges that Defendant sent text messages to Plaintiff and other consumers who had placed their telephone numbers on the National Do Not Call Registry.  *Id*.

Defendant filed a motion to dismiss Plaintiff's amended complaint, asserting that it fails to state a claim on which relief may be granted.  (ECF No. 12.

1

Plaintiff filed a response in opposition to Defendant's motion.  (ECF No. 13).  The court held a hearing on October 15, 2025.  For the reasons set forth below, the court **DENIES** Defendant's motion to dismiss the amended complaint.

II.     ANALYSIS

    A.     <u>Standard of Review</u>

In deciding a motion to dismiss under Rule 12(b)(6), the court "must construe the complaint in the light most favorable to the [nonmoving party] ... [and] accept all well-pled factual allegations as true*." League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007); *see also Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 562 (6th Cir. 2003).  The complaint must provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Moreover, the complaint must "contain[ ] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief, such as "when

an affirmative defense ... appears on its face." *Jones v. Bock*, 549 U.S. 199, 215 (2007) (quotation marks omitted).  A claim has "facial plausibility" when the nonmoving party pleads facts that "allow[ ] the court to draw the reasonable inference that the [moving party] is liable for the misconduct alleged." *Id*. at 678.  However, a claim does not have "facial plausibility" when the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id*. at 679.  The factual allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens*, 500 F.3d at 527.  Showing entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

    B.    <u>Does Plaintiff State a Claim under § 64.1200(d)?</u>

Defendant contends that Plaintiff's complaint merely alleges that it lacks written procedures and provides no supporting evidence to substantiate this claim.  However, as alleged in the First Amended Complaint (FAC), Plaintiff opted out of Defendant's text messages on September 10, 2024, and Defendant's automated text messaging system immediately acknowledged the opt-out

request. (ECF No. 9, at ¶ 8). The FAC further alleges that "Defendant had the ability to immediately opt Plaintiff out of further communications but chose not to do so." *Id*. at ¶ 15. The FAC also alleges that Defendant ignored Plaintiff's instructions and sent additional solicitation texts on September 12, 2024, October 11, 2024, and November 11, 2024. *Id*. at ¶ 9. The company must honor such a request within a "reasonable time" that does not "exceed 30 days." 47 C.F.R. § 64.1200(d)(3). The reasonableness of a period less than 30 days cannot be determined from the pleadings alone. *Delgado v. eMortgage Funding, LLC*, 2021 WL 4776774, at *5 (E.D. Mich. Oct. 13, 2021) ("Although § 64.1200(d)(3) states that a thirty-day delay in honoring do not call requests is per se unreasonable, it does not state that any shorter delay is per se reasonable. Here, plaintiff allegedly received fourteen additional calls over the four-day period immediately following her request that the calls stop. The Court cannot determine the reasonableness of this delay on the pleadings alone."); *see also Dahdah v. Rocket Mortg., LLC*, No. 22-11863, 2024 WL 4299564, at *6 (E.D. Mich. Sept. 26, 2024). Here, two of the three messages cited in the FAC were sent after the 30-day period expired, which would make them "per se" unreasonable. The third message was sent within the 30-day period, but per *Delgado* and *Dahdah*, the reasonableness of the delay

4

cannot be determined based solely on the pleadings. Accordingly, the court finds that Plaintiff has plausibly alleged that the delay was unreasonable.

The core of Defendant's argument is that Plaintiff's complaint merely alleges that it lacks written procedures and provides no supporting evidence to substantiate this claim. The FAC alleges that given Defendant's use of an automated text messaging platform, as reflected by the auto-reply opt-out confirmation Plaintiff received in response to his opt-out requests, "Defendant had the ability to immediately opt Plaintiff out of further communications, but chose not to do so." (ECF No. 9, ¶ 15). Plaintiff's FAC further alleges that Defendant's refusal to honor his opt-out requests by continuing to text message him demonstrates that it failed to institute procedures for maintaining a list of persons who request not to receive text messages from Defendant, that it does not provide training to its personnel engaged in telemarketing, that it does not maintain a standalone do-not call list, and that it does not maintain the required procedures for handling and processing opt-out requests. (ECF No. 9, ¶¶ 17-20). Similar allegations were held sufficient to state a claim in *Dahdah*. *Id*. at *7; see also Adam v. CHW Grp., Inc.*, No. 21-CV-19-LRR, 2021 WL 7285905, at *7 (N.D. Iowa Sept. 9, 2021) (Complaint sufficiently alleged claim where plaintiff alleged that (1) he asked the defendant to remove him from the call list and to stop

5

contacting him; (2) the defendant failed to honor that request; (3) the failure to honor the opt-out request was indicative of (a) a lack of a written policy for maintaining internal do-not-call procedures, (b) the defendant's failure to maintain a do-not-call list, (c) the defendant's failure to inform and train its employees about the existence and use of the do-not-call list, and (d) demonstrated that the defendant did not record opt-out requests or place subscriber's name and telephone numbers on the do-not-call list when the requests are made.); *Buja v. Novation Cap., LLC*, No. 15-81002-CIV, 2017 WL 10398957, at *5 (S.D. Fla. Mar. 31, 2017) (Complaint stated plausible claim where the plaintiff alleged that "Defendants did not have reasonable practices and procedures in place to effectively prevent telephone solicitations ... as evidenced by its calls to Plaintiff who repeatedly requested Defendants stop calling.").  In the court's view, the FAC's allegations are sufficient to state a claim, just like in *Dahdah*, *Buja*, and *Adam*.

    C.    <u>Does Plaintiff State a Claim under § 64.1200(c)?</u>

Defendant contends that Plaintiff fails to provide evidence demonstrating that his telephone number was registered on the National Do Not Call Registry at

the time of the calls.[1] The TCPA prohibits any person or entity from initiating any "telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government ...". 47 C.F.R. § 64.1200(c)(2); 47 U.S.C. § 227(c)(1).  The complaint alleges that Plaintiff registered his phone number on the National Do Not Call Registry on or about June 18, 2011.  (ECF No. 9, ¶ 13).  This allegation is sufficient to establish that Plaintiff's phone number was on the National Do Not Call Registry at all relevant times.  *See Bosley v. A Bradley Hosp. LLC*, No. 25-CV-22336, 2025 WL 2686984, at *5 (S.D. Fla. Sept. 19, 2025) (Plaintiff's allegation that she "registered her phone number with the national do-not-call registry on November 11, 2009, and has been registered at all times relevant to this action," held sufficient to plausibly allege that her residential phone number was on the national do not call registry.).  Accordingly, the court rejects Defendant's stated argument as to why the § 64.1200(c) is not plausibly alleged.

---

[1] Defendant also suggests that Plaintiff does not sufficiently state a claim under § 227(b)(3). (ECF No. 12, PageID.86).  However, as Plaintiff points out, the amended complaint does not raise a claim under this section of the TCPA.

### D. Prior Consent

Defendant argues that Plaintiff fails to allege that the messages were sent without prior express consent. However, consent is an affirmative defense that a plaintiff is not required to plead to assert a TCPA claim. *See Dahdah v. Rocket Mortg., LLC*, 2024 WL 4299564, at *6 (E.D. Mich. Sept. 26, 2024) (citing *Hand v. Beach Ent. KC, LLC*, 456 F. Supp. 3d 1099, 1145-46 (W.D. Mo. 2020) (prior express invitation or permission is an affirmative defense); *Ammons v. Ally Fin., Inc.*, 326 F. Supp. 3d 578, 591 (M.D. Tenn. 2018) (prior express consent is an affirmative defense to liability under the TCPA); *Shelton v. Direct Energy, L.P.*, 2019 WL 4194179, at *5 (N.D. Ohio Aug. 27, 2019) ("express consent ... is not an element of a plaintiff's prima facie case but is an affirmative defense for which the defendant bears the burden of proof.") (quoting *Rodriguez v. Premier Bankcard, LLC*, 2018 WL 4184742, at *3 (N.D. Ohio Aug. 31, 2018))). Accordingly, this is not a proper basis for the court to find that the amended complaint fails to state a claim.

### IV. CONCLUSION

For the reasons set forth above, the motion to dismiss the amended complaint is **DENIED**. Defendant must file an answer to the amended complaint within 21 days of entry of this Opinion and Order.

**SO ORDERED**.

Date: October 16, 2025								s/F. Kay Behm
											F. Kay Behm
											United States District Judge

9